where one who had procured the Commissioner of Buildings to issue, without any authority whatever, a permit to construct a vault under an alley, the court said that what had been done in preparation for the construction "was not induced by any action of the city or any of its officers.". In the *Wise* case, *supra,* nothing had been done under an unlawful permit for a garage before the same was revoked. In none of these cases do we find present, as here, all the elements of estoppel and good faith based upon an affirmative act of a municipal corporation inducing a detrimental change of conditions. The judgment will be affirmed.

*Affirmed.*

---

### Maryanna Powrozek, Appellee, v. Bane Pollan, Appellant.

#### Gen. No. 23,209.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918.

#### Statement of the Case.

Action by Maryanna Powrozek, plaintiff, against Bane Pollan, defendant, to recover damages for personal injuries alleged to have been caused by the giving way of a porch railing on premises rented by plaintiff from defendant. From a judgment for plaintiff, defendant appeals.

WILKERSON, CASSELS & POTTER, for appellant; RALPH F. POTTER and KENNETH B. HAWKINS, of counsel.

F. W. Jaros, for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. Landlord and tenant, § 258*—*when evidence supports findings in action by tenant for injuries due to giving way of porch railing.* In an action by a tenant against a landlord to recover for personal injuries alleged to have been caused by the giving way of a porch railing, thereby causing plaintiff to fall, evidence examined and *held* to show that the place at which the accident occurred was part of a common passageway for the use of the tenants, that he retained control over it, that the defect was not latent and that plaintiff was not guilty of contributory negligence.

2. Landlord and tenant, § 230*—*when tenant does not make improper use of porch railing.* A tenant who, after stepping over a porch railing to a bench from an adjoining roof on which she had been standing to wash a window, takes hold of the railing in stepping down from the bench to the porch, was not guilty of making an improper use of the railing so as to prevent a recovery for injuries caused by a fall through the giving way of the railing as she was holding to it.

3. Instructions, § 120*—*when properly refused.* Instructions not warranted by the evidence are properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.